IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REGIONS BANK, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 12-0628-KD-M |
| | ) |
| MICHAEL J. SPECCHIO, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on defendant Michael J. Specchio's motion to compel arbitration and memorandum of law in support of motion and the response filed by plaintiff Regions Bank. (Docs. 9, 13)  Upon consideration, and for the reasons set forth herein, the motion to compel arbitration is **GRANTED**.  Accordingly, this action is **dismissed without prejudice**.

In his individual capacity and as the member of a limited liability company, Specchio executed several mortgages, promissory notes, and guaranties in favor of defendant Regions Bank. (Doc. 9-1, Doc. 10-1; Doc. 11-1)  A dispute arose as to payment.  Thereafter, they entered into an agreement to settle certain debts and obligations owed by Specchio to Regions Bank (Doc. 11-4, Exhibit 6). Regions Bank filed suit against Specchio alleging that he failed to perform under the terms of the agreement. (Doc. 1)

Specchio now moves the Court to compel arbitration pursuant to the arbitration provision in the promissory notes and mortgage. (Doc. 9).  The provisions state that "all disputes, claims and controversies between [Specchio and Regions Bank] whether individual, joint, or class in nature, arising from this Agreement or otherwise, including without limitation contract and tort disputes, shall be arbitrated pursuant to the Rules of the American Arbitration Association in

effect at the time the claim is filed, upon request of either party." (Doc. 9-1, p. 5, 14, 16, 18, 21, and 26)  Specchio also moves the Court to either dismiss or stay this action. (Doc. 9)  Regions Bank responded to the motion and stated that it consents to arbitration on the terms in the arbitration agreement between the parties. (Doc. 13)

Pursuant to the Federal Arbitration Act (FAA), a "written" arbitration provision in a "contract evidencing a transaction involving commerce to settle by arbitration a contract thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  This circuit has recognized that the "FAA embodies a 'liberal federal policy favoring arbitration agreements.'" *Hill v. Rent–A–Center, Inc.*, 398 F.3d 1286, 1288 (11th Cir. 2005) (quoting *Moses H. Cone Mem'l Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)); *Picard v. Credit Solutions, Inc.*, 564 F.3d 1249, 1253 (11th Cir. 2009) ("The FAA creates a strong federal policy in favor of arbitration.").

The mortgages and promissory notes that form the basis of Specchio's indebtedness to Regions Bank and underlie the settlement agreement contain a written arbitration provision. The parties do not dispute either the validity or enforceability of that provision or that the mortgages and promissory notes are contracts that evidence "a transaction involving commerce" 9 U.S.C. § 2.  Further, the parties do not dispute the application of the arbitration provision in the underlying mortgages and promissory to the dispute, claims and controversies arising as a result of the alleged breach of the settlement agreement.

Therefore, in view of the federal policy in favor of enforcing arbitration agreements and Regions Bank's consent to arbitrate, Specchio's motion to compel arbitration is **GRANTED** and the parties are compelled to submit their claims to arbitration pursuant to the FAA. Accordingly,

this action is **dismissed without prejudice**. *See Caley v. Gulfstream Aerospace Corp.*, 333 F.Supp.2d 1367 (N.D.Ga.2004) (compelling arbitration and dismissing the action where all claims were subject to arbitration), *aff'd* 428 F.3d 1359 (11th Cir. 2005) ("For the foregoing reasons, we conclude that the DRP constitutes an enforceable agreement to arbitrate, and the district court properly granted defendants' motions to dismiss and to compel arbitration. ")

**DONE** and **ORDERED** this the 11th day of January 2013.

<u>s/ Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**
